IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | |
|---|---|
| VEIL V. DOUGLASS,                )<br>                                              )<br>        Petitioner,            )<br>                                              )<br> v.                                       )          No. 07-3310<br>                                              )<br>UNITED STATES OF AMERICA,   )<br>                                              )<br>        Respondent.          )  | |

OPINION

JEANNE E. SCOTT, U.S. District Judge:

This matter comes before the Court on Petitioner Veil V. Douglass' Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody (d/e 1) (Petition) and his Motion to Strike Government Under Fed.R.Crim.P. 32(c)(3)(D) Presentence Investigation Report (d/e 11). For the reasons stated below, Douglass' Petition and Motion are denied.

FACTS

On January 25, 2005, after a jury trial, Douglass was convicted of possession of a firearm by a convicted felon, in violation of 18 U.S.C. § 922(g)(1). His Indictment alleged only that he previously had been

convicted of a crime punishable by a term of imprisonment exceeding one year; it did not list his prior felony convictions. See <u>Cent. Dist. of Ill. Case No. 04-30064 Indictment (d/e 6)</u>. The Presentence Investigation Report (PSR) noted that Douglass had four prior felony convictions that qualified him as an Armed Career Criminal under 18 U.S.C. § 924(e). Specifically, the PSR noted that Douglass was convicted of: (1) robbery in Sangamon County, Illinois (for which he received three years imprisonment); (2) voluntary manslaughter in Sangamon County, Illinois (for which he received four years imprisonment); (3) battery in Baltimore, Maryland (for which he received a sentence of one year in jail, 11 months suspended); and (4) battery in Baltimore, Maryland (for which he received a suspended sentence of 18 months imprisonment).

At sentencing, both Douglass and his attorney stated that they had no objections to the PSR. After the Court accepted the findings of the PSR, however, Douglass' attorney argued that the two convictions for battery in Baltimore, Maryland, should not be considered qualifying offenses under the Armed Career Criminal Act. He argued:

> And as for the issues that occurred in Baltimore, Maryland, in argument we would submit to this Court that without verification and additional information as brought by the

> Probation Officer couldn't get verification of the various type of sentences or conviction, whether they were misdemeanor convictions versus felony convictions, we would argue that the Court cannot take into account the Baltimore, Maryland cases for enhancing the type of time that he would be entitled to.

May 27, 2005 Sentencing Hearing Transcript (d/e 55), at 11. Without application of the Armed Career Criminal statute, Douglass would have had a base offense level of 24 and a Criminal History Category of III, which provided for a Guideline range of 63 to 78 months imprisonment. The Court found that Douglass did qualify as an Armed Career Criminal, however. The Court held that Douglass had:

> prior convictions for robbery, voluntary manslaughter, and what appear to qualify as two felony batteries from the State of Maryland. All of which are crimes of violence as defined because they have elements of force incorporated in the crimes.
>    Robbery in Illinois is a crime that requires proof of taking something of value from someone by force or the threat of force. Manslaughter, of course, involves killing someone. And battery involves the unlawful touching and causing of harm to another. As reflected in the pre-trial, one of the batteries caused someone to seek medical attention.
>    So they qualify as predicating felonies. They were all separate occurrences preceding the offense in this case.

Id. at 4-5. Based on this finding, Douglass had a base offense level of 33 and a criminal history score of IV, which provided for a Guideline range of 188 to 235 months imprisonment. The Court sentenced Douglass to 210

months imprisonment.

Douglass filed an appeal challenging only the Court's denial of a motion to suppress. The Seventh Circuit affirmed the Court's ruling. United States v. Douglass, 467 F.3d 621 (7th Cir. 2006).

ANALYSIS

Douglass now argues that he is entitled to habeas corpus relief, and he raises four separate arguments, all relating to his status as an Armed Career Criminal. First, Douglass contends that he received ineffective assistance of counsel at the trial level because his attorney "failed to investigate my prior convictions used to trigger the armed career criminal enhancement." Petition, at 5. He asserts that "two (2) of the prior convictions nonqualifying and thus my sentence is imposed in violation of law." Id. Second, Douglass argues that his sentence violated his Fifth Amendment right to due process because "the Armed Career Criminal enhancement under § 4B1.4 requires three (3) predicate prior convictions and one of the priors used to enhance me is nonqualifying." Id. Third, Douglass contends that the Government's failure to allege his prior convictions in the Indictment violated the Sixth Amendment and United States v. Booker. Fourth, Douglass asserts that his appellate counsel's failure to raise these

4

three issues on appeal constituted ineffective assistance of counsel. Douglass cannot succeed on any of these arguments.

I.      INEFFECTIVE ASSISTANCE OF TRIAL COUNSEL

First, Douglass argues that his trial attorney provided ineffective assistance for failing to investigate his prior convictions. He contends that investigation would have established that his two Maryland battery convictions did not qualify as sentence-increasing violent felonies under the Armed Career Criminal Act. Because the first of his two battery convictions does in fact constitute a violent felony, however, he cannot establish ineffective assistance of counsel.

To prove ineffective assistance of counsel, a petitioner must show that his attorney's representation was objectively deficient, and that the deficient representation caused him prejudice. Strickland v. Washington, 466 U.S. 668, 688 (1984). To establish deficient representation, Douglass must prove that his attorney committed errors so serious that his performance could not be considered reasonable under prevailing professional norms. Id. at 687-88. "However, this analysis takes place in the context of the presumption that an attorney's conduct is reasonably proficient." Galbraith v. United States, 313 F.3d 1001, 1008 (7th Cir. 2002). To establish

5

prejudice, Douglass must show a reasonable probability that but for attorney error, his sentence would have been different. <u>Strickland</u>, 466 U.S. at 694. Reasonable probability requires a probability sufficient to undermine confidence in the outcome. <u>Id.</u>

Douglass cannot establish prejudice here. Because the Court correctly determined that his first Maryland battery conviction constituted a violent felony, any investigation of this conviction by his attorney would not have changed his sentence. "Under the Armed Career Criminal Act, the statutory minimum sentence for a felon convicted of unlawfully possessing a firearm in violation of 18 U.S.C. § 922(g)(1) is increased to fifteen years if the convict has three prior convictions that qualify as 'a violent felony or a serious drug offense.'" <u>United States v. Spells</u>, 537 F.3d 743, 748 (7th Cir. 2008). The statute defines a "violent felony" as "any crime punishable by imprisonment for a term exceeding one year . . . that . . . has as an element the use, attempted use, or threatened use of physical force against the person of another." 18 U.S.C. § 924(e)(2)(B). Regarding Douglass' first Maryland battery conviction, the PSR states:

> According to information received from the U.S. Probation Office, District of Maryland, Baltimore, Maryland, the defendant made verbal threats to Linda Hawthorne and then

> threw a beer bottle at Ms. Hawthorne striking her head, which caused her to seek medical attention.
>
> According to the U.S. Probation Office, District of Maryland, Baltimore, Maryland, this is a felony conviction. Convictions prosecuted in the Circuit Court for Baltimore City, Maryland, are felony convictions.

PSR, § 38. Douglass' attorney could not have shown that this battery conviction was a misdemeanor conviction, or that it was nonviolent.

In determining whether a conviction constitutes a violent felony, courts generally can "look only to the fact of conviction and the statutory definition of the prior offense." Taylor v. United States, 495 U.S. 575, 602 (1990). The Supreme Court has held that district courts must use a "formal categorical approach" in making this determination, "looking only to the statutory definitions of the prior offenses, and not to the particular facts underlying those convictions." Spells, 537 F.3d at 749 (internal quotation marks omitted).

Here, the Court initially had to determine whether Douglass' first Maryland battery conviction was a felony. The applicable statute demonstrates that it was. The Maryland assault statute, which covers battery, provides that a person convicted of the crime in the first degree is

7

guilty of a felony and punishable by up to 25 years in prison.[1]  Md. Code Ann. Crim. Law § 3-202(b).[2]  In contrast, a person convicted of the crime in the second degree is guilty of a misdemeanor and punishable by up to 10 years in prison.  Md. Code Ann. Crim. Law § 3-203(b).[3]

Because the PSR notes that the State of Maryland considered Douglass' first battery conviction a felony conviction, he must have been convicted of the first degree offense.  Yet, even if he had been convicted of the second degree offense, which Maryland considers a misdemeanor, under federal law, this Court still would consider his offense a felony.  Douglass' PSR notes that Maryland sentenced him to 1 year in jail, 11 months suspended.  Federal courts consider "any crime punishable by imprisonment for a term exceeding one year" a felony.  18 U.S.C. § 924(e)(2)(B).  Douglass received a sentence of only one year, but the question is whether

---

[1] Under this statute, the term "'[a]ssault' means the crimes of assault, battery, and assault and battery."  Md. Code Ann. Crim. Law § 3-201(b).

[2] This version of the statute, enacted in 2002, replaced the version under which Douglass was convicted, but according to the legislative notes, "[t]his section is new language derived without substantive change from former Art. 27, § 12A-1."  Md. Code Ann. Crim. Law § 3-202, revisor's note.

[3] This version of the statute, enacted in 2002, replaced the version under which Douglass was convicted, but according to the legislative notes, "[t]his section is new language derived without substantive change from former Art. 27, § 12A."  Md. Code Ann. Crim. Law § 3-203, revisor's note.

his conviction was *punishable* by a term exceeding one year; the sentence he actually received is irrelevant. Regardless of whether Maryland considered Douglass' offense a felony or a misdemeanor, the statute provides that both categories of offenses are punishable by more than 1 year in prison, so for purposes of the Armed Career Criminal Act, they are felony offenses.

This finding satisfies only half of the Armed Career Criminal Act inquiry, however. The Court also had to determine whether the first Maryland battery conviction was for a violent crime. Where the statute governing a crime is "divisible," because it defines several different crimes, courts can look beyond the statutory definition of an offense to decide whether a conviction was a violent felony conviction. Spells, 537 F.3d at 749. A court also can examine the "charging document, written plea agreement, transcript of plea colloquy, and any explicit factual finding by the trial judge to which the defendant assented." Shepard v. United States, 544 U.S. 13, 16 (2005). Yet, even when analyzing divisible statutes, courts cannot consider pre-charging documents such as police reports or complaint applications. Id.

Douglass' Maryland battery convictions were based on a divisible statute. According to the Fourth Circuit, "[a] Maryland conviction for

9

battery presents the unusual situation in which an offense may be committed in several ways--some of which require the use, attempted use, or threatened use of physical force and some of which do not." United States v. Simms, 441 F.3d 313, 315 (4th Cir. 2006).  Thus, a court faced with a Maryland battery conviction may examine additional materials, such as a charging document, in determining whether the battery conviction at issue was a violent felony conviction.  Id.

In essence, that is what the Court did in assessing Douglass' first Maryland battery conviction.  In determining whether Douglass' first Maryland battery conviction was for a violent offense, the Court relied on the section of Douglass' PSR stating that according to "information received from the U.S. Probation Office, District of Maryland, Baltimore, Maryland," this conviction arose from an incident in which he threw a beer bottle at a woman, striking her in the head and causing her to seek medical attention. PSR, at 13. To determine what the Probation Office relied upon in drafting this section of the PSR, the Court ordered the Government to file an affidavit from the Probation Office setting forth the basis for its discussion of this conviction.

The Government filed an Affidavit from the Supervising U.S.

Probation Officer averring that the probation officer who prepared Douglass' PSR relied on certain documents she gathered from Maryland in drafting the section of the PSR discussing his first battery conviction.[4]  See Government's Response to the Court's Order of April 20, 2009 (d/e 10), Exhibit 1, Affidavit & Supporting Documents.  The Supervising U.S. Probation Officer attached these documents to his Affidavit.  Id.  The Court has reviewed the documents and is convinced that they include the charging document.  See id. at 10-11.  This charging document includes the statement: "It is formally charged that the defendant . . . did make an assault upon and did batter Linda Hawthorne with a beer bottle in Balt. City, St of MD."  Id. at 10.  Thus, the charging document clearly indicates that Douglass' battery charge was for a violent crime.  Because the Court relied on the PSR's representations regarding this conviction, which in turn were based on the charging document, its finding that Douglass' first Maryland battery conviction was for a violent crime was proper.

Even if Douglass' attorney had investigated this conviction, he could

---

[4] Douglass has moved to strike these materials, but he argues only that they are insufficient to support a denial of his Petition.  He does not argue that the information set forth in the Affidavit or supporting materials is untrue.  Thus, the Court sees no basis for striking the materials and denies Douglass' Motion.

not have convinced the Court that it did not qualify as a violent felony under the Armed Career Criminal Act. With this conviction and his convictions for robbery in Sangamon County, Illinois, and voluntary manslaughter in Sangamon County, Illinois, Douglass had three qualifying convictions. No additional convictions were necessary to sentence him as an Armed Career Criminal, and therefore the Court need not address whether his attorney provided ineffective assistance of counsel regarding the second Maryland battery conviction.

II.     ARMED CAREER CRIMINAL QUALIFYING OFFENSES

Douglass next asserts that his sentence violated his Fifth Amendment right to due process because he was sentenced as an Armed Career Criminal without the requisite qualifying convictions. "[D]ue process requires that sentencing determinations be based on reliable evidence, not speculation or unfounded allegations." United States v. England, 555 F.3d 616, 622 (7th Cir. 2009). Moreover, defendants have a due process right not to be sentenced based on a PSR containing materially untrue, inaccurate, or unreliable information. United States v. Clanton, 538 F.3d 652, 655 (7th Cir. 2008). To succeed on such a claim, however, "the defendant must demonstrate that the information before the court was inaccurate and that

the court relied on it." United States v. Coonce, 961 F.2d 1268, 1275 (7th Cir. 1992).

Here, the Court relied on the PSR's discussion of Douglass' battery convictions in determining whether they were violent felonies, and Douglass has not shown that the PSR contained untrue, inaccurate, or unreliable information.  As noted above, the probation officer based the PSR's discussion of the first battery conviction on documents obtained from Maryland.  Douglass has not shown that any of these documents contained false information.  Indeed, the Court has found that the first battery conviction in fact qualified as a violent felony.  Regarding the second Maryland battery conviction, the PSR states:

> According to the U.S. Probation Office, District of Maryland, Baltimore, Maryland, the court file for this case has been destroyed and a charging document is not available.  A copy of the police report has been received but it is unreadable.  The U.S. Probation Office also advised that this is a misdemeanor offense as it was prosecuted in the District Court for Baltimore City, Maryland.  However, according to U.S.S.G. § 4A1.2(o), a "felony offense" means any federal, state, or local offense punishable by death or a term of imprisonment exceeding one year, regardless of the actual sentence imposed.

Id., § 40.  Again, Douglass has not shown that any of this information was false.  Moreover, whether or not either of these convictions actually

constituted a violent felony under the Armed Career Criminal Act is unimportant in assessing whether Douglass' due process rights were violated at sentencing. What is important is whether false information influenced his sentence, and Douglass fails to show that the PSR's discussion of these convictions was false. Thus, the Court's reliance on the PSR, to which Douglass was afforded the opportunity to object, did not deprive him of due process.

III.  INDICTMENT

Douglass next argues that the Government's failure to allege his prior convictions in the Indictment violated the Sixth Amendment and the Supreme Court's decision in United States v. Booker. While Douglass provides no citation, the Court assumes that he refers to the Supreme Court's opinion holding that the Sixth Amendment applies to the Sentencing Guidelines, and therefore the Guidelines cannot be considered mandatory. Booker, 543 U.S. 220, 226-27 (2005). Booker does not deal explicitly with the allegations required in an Indictment, but in reaching its conclusion regarding the Guidelines, it notes that the Sixth Amendment requires the Government to prove any fact that increases a defendant's sentence beyond the statutory maximum to a jury beyond a reasonable

doubt. Id. at 227-28.  Essentially, these facts become elements of the crime that must be alleged in the Indictment.  In his Traverse to Government's Response (d/e 7), Douglass asserts that he should have been afforded a hearing "where proof of the prior convictions was presented clearly and unambiguously." Traverse, at 3.  Further, he argues that the Government bore the burden of establishing his prior convictions "with absolute certainty and specificity." Id.

Based on these arguments and his reference to Booker, Douglass appears to contend that prior convictions of the Maryland battery charges were elements of the instant offense that the Government was required to prove to a jury beyond a reasonable doubt.  The Supreme Court has addressed this argument in other cases, however, and concluded that "prior convictions need not be treated as an element of the offense for Sixth Amendment purposes." James v. United States, 550 U.S. 192, 214 n.8 (2007); see also Apprendi v. New Jersey, 530 U.S. 466, 490 (2000) ("*Other than the fact of a prior conviction*, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt.") (emphasis added).  Additionally, whether categories of offenses satisfy statutory or Guidelines descriptions

15

is a question for the judge, not a jury, because so long as the judge does not base his or her decision on the defendant's particular actions while engaged in these offenses, such decisions are "statutory interpretation, not judicial factfinding." James, 550 U.S. at 214; United States v. Smith, 544 F.3d 781, 786-87 (7th Cir. 2008). Thus, the Government was not required to allege Douglass' prior battery convictions in his Indictment.

IV.   INEFFECTIVE ASSISTANCE OF APPELLATE COUNSEL

Finally, Douglass insists that his appellate attorney's failure to raise the above three issues regarding his sentence constituted ineffective assistance of counsel. As the Court has found that all three of these arguments fail, however, Douglass could not have been prejudiced by his appellate attorney's failure to raise them. He has not established ineffective assistance of appellate counsel.

THEREFORE, Petitioner Veil V. Douglass' Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody (d/e 1) and his Motion to Strike Government Under Fed.R.Crim.P. 32(c)(3)(D) Presentence Investigation Report (d/e 11) are DENIED. All pending motions are denied as moot. This case is closed.

IT IS THEREFORE SO ORDERED.

ENTER:   June 11, 2009

    FOR THE COURT:

                                                                                            s/ Jeanne E. Scott
                                                            JEANNE E. SCOTT
                                      UNITED STATES DISTRICT JUDGE